UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Cynthia B. Buckheister,<br><br>              Plaintiff,<br><br>vs.<br><br>Commissioner of Social Security Administration,<br><br>              Defendant. | C/A No. 4:10-2450-JFA-TER<br><br>REPORT AND<br>RECOMMENDATION |

This matter comes before the Court based on the plaintiff's motion to proceed *in forma pauperis*.[1] On September 20, 2010, the plaintiff filed an Application to Proceed Without Prepayment of Fees and Affidavit (Form AO 240) which was construed as a motion to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915. The sole issue before the Court at this time is whether the plaintiff should be required to pay the three hundred fifty dollar ($350.00) filing fee, or whether her financial condition justifies proceeding without payment.

The plaintiff's Application to Proceed without Prepayment of Fees indicates that the plaintiff receives retirement income of $1750.00 per month, as well as $950.00 per month rental income. The

---

[1] There is no clear precedent in the United States Court of Appeals for the Fourth Circuit as to whether a magistrate judge has the authority to issue an order to deny an application to proceed *in forma pauperis*. The United States Court of Appeals for the Sixth Circuit has concluded that a magistrate judge cannot issue an order to deny an application to proceed *in forma pauperis*. In *Woods v. Dahlberg*, 894 F.2d 187 (6th Cir. 1990), the Sixth Circuit ruled that a denial of an application to proceed *in forma pauperis* by a magistrate judge is the functional equivalent of an involuntary dismissal, which cannot be granted by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A). The United States Court of Appeals for the Tenth and Fifth Circuits have reached similar conclusions. *See Lister v. Dept. of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *Donaldson v. Ducote*, 373 F.3d 622, 623-25 (5th Cir. 2004). Therefore, the undersigned submits a Report and Recommendation so that the plaintiff may obtain a *de novo* review by a United States District Judge.

plaintiff's total monthly income is $2700.00, which is an annual income of $32,400.00. The application also indicates the plaintiff's monthly expenses are $560.00 for utilities and undesignated expenses, as well as approximately $250.00 monthly for home taxes and insurance. The plaintiff's total monthly expenses are $810.00. The application further states that the plaintiff has no dependents, but does jointly own a home, automobile, rental property, and investments with her husband. Based on an income of $2700.00 per month and expenses of $810.00 per month, the plaintiff has $1890.00 disposable income per month. In terms of annual income, that is $22,680.00 of income after expenses. The filing fee for a civil action in this Court is only $350.00. *See* 28 U.S.C. § 1914.

The plaintiff's Application to Proceed without Prepayment of Fees should be denied for failure to establish the threshold determination of poverty. Federal courts may allow a litigant to file an action without prepayment of the filing fee, known as proceeding *in forma pauperis*. 28 U.S.C. § 1915(a)(1). This *in forma pauperis* status under § 1915 "is intended to guarantee that no citizen shall be denied access to the courts solely because his poverty makes it impossible for him to pay or secure the costs." *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, 953 (4th Cir. 1995)(citing *Adkins v. E. I. Du Pont de Nemours & Co.*, 335 U.S. 331, 342 (1948))(internal quotation omitted). A request to proceed *in forma pauperis* must "include a statement of all assets" and declare "that the person is unable to pay such fees." 28 U.S.C. § 1915(a)(1). Though a litigant is not required to show that she is completely destitute in order to qualify as indigent within the meaning of 28 U.S.C. § 1915(a), *Adkins*, 335 U.S. at 339, the plaintiff's declaration of $1890.00 of monthly income after expenses, is evidence that shw can afford to pay the $350.00 filing fee in this case. Grants or denials of applications to proceed *in forma pauperis* are left to the discretion of

2

federal district courts. *See Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir. 1980). The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North American Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). The plaintiff has not established that she is impoverished, and her application shows that she is capable of paying the filing fee in this case.

## RECOMMENDATION

On the sole issue of the plaintiff's Application to Proceed Without Prepayment of Fees construed to be a motion to proceed *in forma pauperis*, it is recommended that the motion be **denied**.

It is also recommended that if the District Judge denies the motion, the plaintiff be given thirty (30) days from the District Judge's decision to pay the filing fee or this action will be dismissed for lack of prosecution. **Plaintiff's attention is directed to the important notice on the next page.**

                                                               s/Thomas E. Rogers, III
                                                               Thomas E. Rogers, III
                                                               United States Magistrate Judge

October 1, 2010
Florence, South Carolina

3

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).